WESTERN AIR LINES, Inc. v. LABOR COMMISSIONER OF DIVISION OF LABOR LAW ENFORCEMENT, DEPARTMENT OF INDUSTRIAL RELATIONS OF CALIFORNIA.

No. 11729.

Circuit Court of Appeals, Ninth Circuit.

April 13, 1948.

Guthrie, Darling & Shattuck, of Los Angeles, Cal. (Milo V. Olson, of Los Angeles, Cal., of counsel), for appellant.

Pauline Nightingale and Edward M. Belasco, both of Los Angeles, Cal., for appellee.

Before MATHEWS, BONE and ORR, Circuit Judges.

BONE, Circuit Judge.

This is an appeal from an order of compliance issued by the district court to enforce its judgment confirming an arbitration award.

On May 10, 1946 appellant and its employees entered into an arbitration agreement, pursuant to the provisions of the Railway Labor Act, 45 U.S.C.A. §§ 151–188. The agreement submitted disputed questions respecting wages and working conditions to a Board of Arbitration and provided that the award of the Board be effective as of January 1, 1946. The Board filed its award in the district court on July 26, 1946 and the court entered a judgment confirming the award on November 21, 1946.

Subsequent to the date when the dispute was submitted to arbitration and prior to the date when the award was filed, seven employees of appellant terminated their employment. Appellee is the assignee of these former employees, claiming on their behalf the benefit of the pay increase granted to appellant's employees retroactively to January 1, 1946 by the award and the judgment confirming the award. In June, 1947 appellee filed a petition in the district court for an order to show cause, which petition was opposed by appellant on the same grounds urged on this appeal. The court thereafter rendered an amended order of compliance requiring appellant to pay the amount of retroactive wage increase claimed by appellee as assignee of the former employees.

[1] One of appellant's contentions is that appellee followed the wrong procedure in initiating the order to show cause proceeding in the district court. Appellant maintains that a difference has arisen as to the application of the provisions of the arbitration award, and that under the Railway Labor Act and the arbitration agreement, the required procedure in this event is to refer the difference to the Board of Arbitration for a ruling. With this contention we agree.

It is apparent that the controversy which has caused this proceeding is whether those employees of appellant who terminated their employment prior to the date when the award was filed, are entitled to the benefits of the award. This is in our view clearly a dispute concerning the application of the award provisions.

Section 8(m) of the Railway Labor Act, 45 U.S.C.A. § 158(m), requires that the agreement to arbitrate—

"Shall provide that any difference arising as to the meaning, or the application of the provisions, of an award made by a board of arbitration shall be referred back for a ruling to the same board, or, by agreement, to a sub-committee of such board; and that such ruling, when acknowledged in the same manner, and filed in the same district court clerk's office, as the original award, shall be a part of and shall have the same force and effect as such original award;"

The twelfth paragraph of the agreement to arbitrate entered into by appellant and its employees provides in the language of the Act that "Any difference arising as to the meaning, or the application of the provisions, of such award shall be referred for a ruling to the Board," etc.

█ Section 8(m) of the Railway Labor Act is, as are several other provisions of the Act, a distinct departure from the common law rules of arbitration. Counsel cite no cases, and we have discovered none, dealing specifically with this particular section, but its mandatory language is unequivocally clear. The principle has long obtained that there must be strict adherence to the essential terms of the agreement to arbitrate. Brotherhood of Railway and Steamship Clerks Etc. v. Norfolk So. Ry. Co., 4 Cir., 143 F.2d 1015, 1017, 154 A.L.R. 1385; Atchison, T. & S. F. Ry. v. Brotherhood of Locomotive, Firemen, and Enginemen, 7 Cir., 26 F.2d 413, 419.

Appellee asserts that he is not seeking modification or clarification of the award, but is merely seeking to enforce it; rather, that appellant is attempting to change the terms of the award by asking that appellee's assignors be excluded from the benefits of the award. We do not agree. Appellant asks not that the award be modified, but that appellee comply with the explicit provisions of the agreement to arbitrate, prescribed by the statute.

In view of our conclusion on this point, we do not consider or discuss the question, also presented to us by the parties, whether the arbitration award applies to appellee's assignors. This is the very question which, under the arbitration agreement and the statute, must be referred to a reconvened board of arbitration for determination.

The order appealed from is reversed and the case remanded for disposition in accordance with the views here expressed.