**BROTHERHOOD OF RAILROAD TRAINMEN, Appellant,**

v.

**CHICAGO, MILWAUKEE, ST. PAUL AND PACIFIC RAILROAD COMPANY (LINES EAST) et al., Appellees.**

**No. 18974.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 8, 1964.

Decided April 15, 1965.

Mr. David Leo Uelmen, Milwaukee, Wis., with whom Mr. Milton Kramer, Washington, D. C., was on the brief, for appellant.

Mr. Francis M. Shea, Washington, D. C., with whom Messrs. Lawrence J. Latto and Benjamin W. Boley, Washington, D. C., were on the brief, for appellees.

Before BAZELON, Chief Judge, and EDGERTON, Senior Circuit Judge, and WASHINGTON, Circuit Judge.

BAZELON, Chief Judge.

In 1963 Congress established an arbitration board, known as Board 282, to settle compulsorily long-standing work rules disputes between railroads and their employees.[1] In its award, Board 282 resolved numerous issues but found that it could not settle one issue relating to the proper composition or "consist" of yard and road crews, because too many local variations of conditions were involved. The Board therefore provided that if the parties remained unable to agree on the "consist" issue, special boards of adjustment should be convened, composed of one carrier and one union representative and one neutral member. The Board specified "guidelines" which the special boards should follow in resolving the consist dispute.[2] In the present case, the carrier and the Brotherhood were unable to agree. A special board was convened which approved virtually all of the carrier's proposals.

The Brotherhood then brought suit in the District Court, which affirmed the special board's award on its merits and dismissed the suit. On this appeal, the Brotherhood argues for reversal on the grounds (1) that the special board deprived it of procedural due process because, among other reasons, it was not given adequate time to prepare and the neutral member did not visit job sites as the Brotherhood requested; (2) that the special board failed to apply Board 282's guidelines as evidenced by the fact that the board approved, without opinion, every carrier proposal; (3) that the special board's award dealt in part with the number of baggagemen on crews which had not been included in Board 282's award; and (4) that the carrier did not adequately attempt to reach agreement with the Brotherhood before convening the special board, contrary to Board 282's instructions.

■ Board 282 is best able to decide these questions. For the most part, the Brotherhood argues that the special board's award was contrary to Board 282's instructions, and certainly Board 282 is more familiar with its instructions than we are. Furthermore, in arguing that it was deprived of procedural due process, the Brotherhood states that it was not given adequate time to prepare regarding the numerous and complex consist issues; the carrier responds that only a few basic issues were involved and thus the relatively short time was ade-

---

1. Public Law 88–108, 77 Stat. 132, appearing at 45 U.S.C. § 157 (1963).

2. The "guidelines" included such general considerations as assurance of adequate safety, avoidance of unreasonable workload, and crew consist in comparable undisputed situations, and such specific considerations as number of street crossings to be protected, availability of communications equipment, and time limitations applicable to the particular assignments.

quate. Board 282 has the familiarity with the crew consist issues necessary to resolve this argument. Moreover, the difficulties inherent in our review of the special board's award are compounded by the absence of any opinion accompanying it.

■■ Congress did not foresee that Board 282 would refer issues to special boards, and thus made no explicit provision for appeals from these boards. But Congress entrusted the work rules dispute to Board 282 for "complete and final disposition."[3] The Board's delegation of the crew consist issue to special boards should not mean that such boards, and in particular their single neutral members, could settle a dispute by compulsory arbitration without being subject to any meaningful review.[4] Unless a tribunal familiar with the work rules dispute interposes its judgment, with its reasons, between the special board's award and judicial review, no meaningful review will be available to an aggrieved party.

Moreover, there are statutory limitations on the scope of our review[5] and on our authority to prescribe flexible remedies.[6] These limitations need not bind Board 282.

■ The statute does provide that "any difference arising as to the meaning, or the application of the provisions, of an award made by a board of arbitration shall be referred back for a ruling to the same board."[7] Board 282 has on numerous occasions reconvened to interpret its award.[8] And we read this provision to require that Board 282 retain review jurisdiction of the special boards of adjustment.[9] Thus, with one exception, the questions raised by the Brotherhood should have been presented to a reconvened Board 282 prior to judicial review.

■■ One narrow aspect of this case is properly before us. The Brotherhood has previously submitted the following matter to the reconvened Board: "Some carriers are refusing to review with our committees the assignments covered by

3. Section 3, Public Law 88–108, *supra*, note 1.

4. We upheld the Boards authority to delegate the crew consist issue to special boards in Brotherhood of Locomotive Firemen & Enginemen v. Chicago, B. & Q. R. Co., D.C., 225 F.Supp. 11, affirmed, 118 U.S.App.D.C. 100, 331 F.2d 1020, cert. denied, 377 U.S. 918, 84 S.Ct. 1181, 1182, 12 L.Ed.2d 187 (1964). But *cf.* Schechter Poultry Corp. v. United States, 295 U.S. 495, 55 S.Ct. 837, 79 L.Ed. 1570 (1935), which holds that delegated authority must be defined by legislative standards; meaningful review procedures ensure that such authority is exercised within those standards.

5. Congress limited judicial review to the grounds for impeachment of an arbitration award under the Railway Labor Act, 45 U.S.C. § 159: that the award does not conform "to the substantive [or procedural] requirements" of the statute, or to "the stipulations of the agreement to arbitrate" or that the award was vitiated by fraud.

   "The court may not review the question whether there is substantial evidence to sustain the findings of fact. * * * [T]he scope of review * * * is much narrower than that which generally prevails in connection with ad-

ministrative decisions." Brotherhood of Locomotive Firemen & Enginemen v. Chicago, B. & Q. R. Co., *supra*, note 4, 225 F.Supp. at 18.

6. See 45 U.S.C. § 159, Fourth, incorporated by reference into Public Law 88–108, *supra*, note 1.

7. 45 U.S.C. § 158(m) (1952), incorporated by reference into Public Law 88–108, *supra*, note 1.

8. See In re Certain Carriers, etc., 229 F.Supp. 259 (D.D.C.1964). Railway Labor Act § 157, incorporated by reference into Public Law 88–108, *supra*, note 1, provides: "Upon notice from the Mediation Board that the parties, or either party, to an arbitration desire the reconvening of the board of arbitration * * * to pass upon any controversy over the meaning or application of their award, the board * * * shall at once reconvene."

9. See Brotherhood of R.R. Trainmen v. Missouri Pac. R. Co., 230 F.Supp. 197, 202 (E.D.Mo.1964); In re Certain Carriers, etc., *supra*, note 7 at 229 F.Supp. 260. Compare Western Air Line v. Labor Comm'r of Division of Labor Law Enforcement, etc., 167 F.2d 566 (9th Cir. 1948); Koelker v. Baltimore & O. R. Co., 140 F.Supp. 887 (E.D.Pa.1956).

their notices * * *. Since the authority of the special boards is restricted to 'dispute limited to the application of guidelines to the issue involved,' are we correct in our understanding that the parties must attempt to agree upon the application of guidelines to the issues and that unless this attempt is made, no dispute is properly submissible to the special board?" On September 16, 1964, the Board replied: "Under the terms of the Award it is expected that both parties will make an effort to resolve issues involving application of the guidelines. However * * * [our Award] does not limit the right of either party to invoke the review procedure." The Brotherhood now appears to argue that the Board's response was inconsistent with the statute. But we agree with the District Court that the response was not inconsistent. The Brotherhood further argues that the carrier, on the present facts, did not meet the Board's requirement to negotiate, as set out in its response. This is, however, a question for the Board's primary jurisdiction.

This case is remanded to the District Court with instructions to dismiss the complaint without prejudice to such further application to Board 282 as any party may choose to make.

So ordered.