BROTHERHOOD OF RAILROAD TRAINMEN, Appellant,

v.

CERTAIN CARRIERS, ETC., Appellees.

No. 18845.

United States Court of Appeals District of Columbia Circuit.

Argued March 9, 1965.

Decided June 24, 1965.

Mr. John H. Haley, Jr., of the bar of the Supreme Court of Illinois, pro hac vice, by special leave of court, East St. Louis, Ill., with whom Messrs. Milton Kramer and Lester P. Schoene, Washington, D. C., were on the brief, for appellant.

Mr. Francis M. Shea, Washington, D. C., with whom Messrs. Lawrence J. Latto, William H. Dempsey, Jr. and Benjamin W. Boley, Washington, D. C., were on the brief, for certain appellees.

Messrs. Morton Hollander and David L. Rose, Attys., Dept. of Justice, entered appearances for United States of America.

Before WASHINGTON, DANAHER and BURGER, Circuit Judges.

DANAHER, Circuit Judge.

The Brotherhood of Railroad Trainmen asked the District Court to declare null and void the awards of certain "Special Boards of Adjustment" which had been convened pursuant to the Award of Arbitration Board 282.[1] The Brotherhood also sought to enjoin the application and enforcement of the awards. Relief was denied,[2] and this appeal followed.

Basically the appellant contends that Special Boards of Adjustment, *infra,* were bound to follow the procedures prescribed by sections 7 and 8 of the Railway Labor Act, 45 U.S.C. §§ 157, 158 (1958). We think that appellant has presented the issue to the wrong forum.

The Supreme Court on March 4, 1963 decided[3] that the Brotherhoods and the Carriers had exhausted the procedures provided by the Railway Labor Act for the resolution of major disputes. Faced with the prospect of a serious railroad strike, possibly of nationwide proportions, Congress adopted Public Law 88–108.[4] Congress clearly called for expedited action. It "established" an arbitration board. It provided that the board "shall make a decision, pursuant to the provisions hereinafter set forth" as to various issues including the "consist" dispute. The board was charged with the duty of incorporating into its decision any matters on which the parties were found to be in agreement; it was directed to "resolve the matters on which

---

1. The general history of the controversy between the Brotherhood and the Carriers was developed by Judge Holtzoff in Brotherhood of Loc. Fire. & Eng. v. Chicago, B. & Q. R. Co., 225 F.Supp. 11 (D.D.C.), aff'd, 118 U.S.App.D.C. 100, 331 F.2d 1020, cert. denied, 377 U.S. 918, 84 S.Ct. 1181, 12 L.Ed.2d 187 (1964); see additionally Judge Robinson's opinion in Brotherhood of Railroad Train. v. Chicago, M., St. P. & P. R. Co., 237 F. Supp. 404 (D.D.C.1964), remanded, note 10, *infra.*

2. In re Certain Carriers, Etc., 231 F.Supp. 519 (D.D.C.1964); a complaint seeking similar relief had been dismissed May 28, 1964 in the United States District Court for the Eastern District of Missouri, Eastern Division. Judge Meredith's opinion appears at 230 F.Supp. 197, and an appeal is now pending in the Eighth Circuit.

3. Brotherhood of Locomotive Engineers v. B. & O. R. Co., 372 U.S. 284, 83 S.Ct. 691, 9 L.Ed.2d 759 (1963), affirming 310 F.2d 513 (7 Cir. 1962).

4. 77 STAT. 132 (1963), 45 U.S.C. § 157 (Supp. V, 1964).

the parties were not in agreement," and to give due consideration to matters on which the parties were in tentative agreement. Section 3 further provided that "Such award shall be binding on both the carrier and organization parties to the dispute *and shall constitute a complete and final disposition* of the aforesaid issues covered by the decision of the board of arbitration." (Emphasis added.)

The Joint Resolution in section 4 read: "To the extent not inconsistent with this joint resolution the arbitration shall be conducted pursuant to sections 7 and 8 of the Railway Labor Act * * *." The award was to be filed in the United States District Court for the District of Columbia and "shall continue in force for such period as the arbitration board shall determine in its award, but not to exceed two years from the date the award takes effect, unless the parties agree otherwise."

Thus, agreeably to the terms of Public Law 88–108 and pursuant to sections 7 and 8 of the Railway Labor Act, the November 25, 1963 Award of Arbitration Board 282 was filed. Pursuant to section 5 of the Joint Resolution, the Award became effective as of January 25, 1964. Article III of the Award in Part A prescribed certain basic provisions applicable to the "Consist of Road and Yard Crews." Article III A(3) further provided that either party in interest was to give written notice [5] of proposed changes affecting certain categories, leaving open, in the absence of agreement between the parties, the application of carefully delineated guidelines enumerated in Part C of the Award. So it was that in the absence of agreement as to proposed changes under consideration, such dispute as might remain might be referred by either party to a special board of adjustment. The genius of the plan evolved by the arbitrators simply took practical recognition of multifarious situations which might arise in differing settings, not common to all Carriers but nevertheless subject to disposition within the scope of the guidelines set forth in the Award. The basic charter, so to speak, Part B of the Award, even provided the mechanics for the creation of a special board of adjustment.

We are satisfied that Congress was keenly aware of the necessity to deal in extraordinary manner with the threatened national emergency. The congressional purpose and intent had been furthered when the Award itself had been achieved by Arbitration Board 282. That Award had been worked out with due regard to the procedural requirements of sections 7 and 8 of the Railway Labor Act. The provisions of section 9 of that Act were then available. Our conclusions thus restated underlay our decision when the Award was first challenged.[6]

As a phase of that Award and in aid of its further implementation, Arbitration Board 282 ingeniously and expertly had provided for the creation of the Special Boards of Adjustment which here had been called into being. This appellant did not participate in any of the proceedings of any of the Special Boards involved in this appeal. Had it done so, and had the Special Boards then been requested to follow the procedures set forth in sections 7 and 8 of the Railway Labor Act, any such Board at the very least might have made timely review of its status.[7] If a basis for doubt had then been suggested, any such Special Board might even have sought definitiveness at a reconvened meeting of Arbitration Board 282, just as on yet other matters a statement of position had been sought

---

5. The Carriers gave such notice, thus identifying to the Brotherhood the operations intended to be affected by the changes the Carriers proposed.

6. *Supra* note 1.

7. Courts will not lightly view a party's failure to request certain procedural

rights, or even refrain from participation only thereafter to await the outcome and then challenge an unfavorable result. See United States v. L. A. Tucker Truck Lines, Inc., 344 U.S. 33, 37, 73 S.Ct. 67, 97 L.Ed. 54 (1952).

from and proclaimed by the Arbitration Board.

The latter in any event undoubtedly would have pointed out that the Award had been ascertained after full hearing in complete compliance with applicable law. The Arbitration Award had established the manner of selection of the membership of the Special Boards of Adjustment, the time within which the Boards were to act, the basis upon which the costs and expenses were to be determined, and the particular criteria which Arbitration Board 282 had proclaimed as guidelines to govern, in general, as each Special Board of Adjustment dealt with a particular problem. The Board's proceedings apparently had conformed to existing law to "the extent not inconsistent with [the] joint resolution * * *." [8] and, within the meaning of section 7(a) of the Act, Board 282 seemed to have given "due consideration to the narrowing of the areas of disagreement" between the parties.

We will not now discuss the Brotherhood's claims in detail [9] for we are constrained to remand to the District Court as will hereinafter appear. Having concluded that the status of Arbitration Board 282 was properly established, and that its award had become effective as of January 25, 1964, we now turn to this court's decision in No. 18974—Brotherhood of Railroad Trainmen v. Chicago, M., St. P. & P. RR Co.[10] It was there pointed out that Board 282 is more familiar than we can be with respect to the Board's instructions when the Special Boards of Adjustment were convened. We have not had the views of Arbitration Board 282 on two questions: (1) whether or not the Special Boards of Adjustment had been required to conduct the arbitrations in compliance with sections 7 and 8 of the Railway Labor Act; and (2) whether or not the notices which were served by the Carriers proposing changes in the crew consist complied with the directives of Board 282 by clearly identifying the assignments or the operations affected by the proposed changes.

We are satisfied that such questions properly come within the purview of the Board's primary jurisdiction.[11] Thus, we remand with directions that the District Court enter its appropriate order with respect to the Brotherhood's motion for supplemental relief. The order will include permission to any party, as it may be advised, and within a time fixed by the court, to submit further application to Board 282 that consideration may there be afforded with respect to the questions above specified.

So ordered.

---

8. Section 4, P.L. 88–108, *supra* note 4.

9. Compare particulars to be perceived from Judge Holtzoff's opinion, *supra* note 2, and our earlier opinion, *supra* note 1.

10. 120 U.S.App.D.C. ——, 345 F.2d 985 (1965).

11. Likewise, Board 282 could also consider what significance to attach to appellant's failure to raise the issue before the Special Board.