**BROTHERHOOD OF RAILROAD TRAINMEN, Appellant,**

v.

**CHICAGO, MILWAUKEE, ST. PAUL AND PACIFIC RAILROAD COMPANY (LINES EAST) et al., Appellees.**

**Nos. 20348, 20349.**

United States Court of Appeals District of Columbia Circuit.

Argued June 26, 1967.

Decided July 27, 1967.

Certiorari Denied Nov. 6, 1967.

See 88 S.Ct. 298.

---

Mr. David Leo Uelmen, Milwaukee, Wis., with whom Mr. Milton Kramer, Washington, D. C., was on the brief, for appellant.

Mr. Richard T. Conway, Washington, D. C., with whom Messrs. Francis M. Shea and Benjamin W. Boley, Washington, D. C., were on the brief, for appellees.

Before BASTIAN, Senior Circuit Judge, and BURGER and WRIGHT, Circuit Judges.

PER CURIAM:

This is another "manifestation of a litigation syndrome that seems to keep the railroads and various governmental entities in the courts on an ancient issue." Brotherhood of Railroad Trainmen v. Chicago, Milwaukee, St. Paul & Pacific Railroad Co., 127 U.S.App.D.C. —, —, 380 F.2d 605, 607 (Nos. 19,-867, 20,003–04, decided May 19, 1967). Issues raised in these appeals have been before this court previously in Brotherhood of Railroad Trainmen v. Chicago, Milwaukee, St. Paul & Pacific Railroad Co., ibid., and Brotherhood of Railroad Trainmen v. St. Louis Southwestern Railway Co. et al., 127 U.S.App.D.C. —, 380 F.2d 603, 604 (Nos. 20,212–13, decided May 19, 1967). Our prior opinions are controlling and dispositive of these issues and there is no need to supplement those opinions.

In addition, however, Appellant Brotherhood raises a new claim in these appeals. It now contends that the hearing before the Special Board of Adjustment did not afford it due process of law because of certain alleged procedural irregularities not heretofore considered.[1] Although these issues were exhaustively discussed and found to be without merit in Judge Robinson's original decision in the District Court, Brotherhood of Railroad Trainmen v. Chicago, Milwaukee, St. Paul & Pacific Railroad Co., 237 F. Supp. 404, 418–425 (D.D.C.1964), we remanded that case to Board 282 in order that it might pass upon these issues. Brotherhood of Railroad Trainmen v. Chicago, Milwaukee, St. Paul & Pacific Railroad Co., 120 U.S.App.D.C. 295, 345 F.2d 985 (1965). The Board concluded that

the alleged procedural irregularities, considered singly or together, did not deprive the B.R.T. of the minimum essentials of a full and fair hearing.

We have previously upheld the Board determination that due process was not

1. Specifically the union claims that it was impossible to decide the job assignments in 60 days; that the hearing held in the company offices was inherently unfair and offered little time or space for interviews with witnesses; that there was a failure to allow a reasonable time to submit written exhibits; that the "referee" was not neutral; and that the "findings" were prepared by the company and submitted to the referee for approval.

violated by lack of a transcript; we similarly affirmed the Board decision that a "meaningful review" had been provided. Although it would appear that the specific defects raised here are subsumed within the due process concept of "meaningful review" we did not discuss them in our prior opinons. We have now fully examined the claim newly raised on this appeal, and we find it to be without merit.

Affirmed.

J. SKELLY WRIGHT, Circuit Judge (dissenting).

Public Law 88–108 [1] provides that the compulsory arbitration required in this case "shall be conducted pursuant to sections 7 and 8 of the Railway Labor Act." Pub.L. 88–108, § 4. As I have indicated in my dissents in Brotherhood of Railroad Trainmen v. St. Louis Southwestern Railway Co., 127 U.S.App.D.C. ——, 380 F.2d 603 (1967), and Brotherhood of Railroad Trainmen v. Chicago, Milwaukee, St. Paul & Pacific RR Co., 127 U.S. App.D.C. ——, 380 F.2d 605 (1967), the Compulsory Arbitration Board convened pursuant to Public Law 88–108 cannot avoid this statutory requirement by delegating portions of this authority to local boards.

In these cases appellant makes the additional point that the local board deprived it of the minimum essentials of a full and fair hearing in that, among other things, it was denied a reasonable opportunity to prepare its case, to call witnesses, and to conduct cross-examination. The company, of course, argues that the board hearing was full and fair. Since, in violation of Section 7 of the Railway Labor Act [2] and in spite of appellant's request, no transcript of the proceedings before the local board was provided, I am unable to resolve this due process issue on this record.

I respectfully dissent.

---

1. 77 STAT. 132 (1963), 45 U.S.C. § 157 (1964).

