380 F.2d 603
 BROTHERHOOD OF RAILROAD TRAINMEN, Appellant,
v.
ST. LOUIS SOUTHWESTERN RAILWAY COMPANY and
Ralph T. Seward, Appellees.
BROTHERHOOD OF RAILROAD TRAINMEN, Appellant,
v.
ST. LOUIS SOUTHWESTERN RAILWAY COMPANY et al., Appellees.
 No. 20212.
 No. 20213.
 United States Court of Appeals District of Columbia Circuit.
 Argued December 22, 1966.
 Decided May 19, 1967.
 Certiorari Denied November 6, 1967.
 
 See 88 S.Ct. 288.
 Mr. Milton Kramer, Washington D. C., for appellant.
 Mr. Richard T. Conway, Washington, D. C., with whom Mr. Francis M. Shea, Washington, D. C., was on the brief, for appellee St. Louis Southwestern Ry. Co. Mr. David W. Miller, Washington, D. C., also entered an appearance for appellee St. Louis Southwestern Ry. Co.
 Mr. Walter H. Fleischer, Atty., Dept. of Justice, with whom Asst. Atty. Gen. John W. Douglas, Messrs. David G. Bress, U. S. Atty., and David L. Rose, Atty., Dept. of Justice, were on the brief, for appellee Seward.
 Before BASTIAN, Senior Circuit Judge, and BURGER and WRIGHT, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant challenges the District Court's affirmance of rulings of Arbitration Board 282 that the local Special Board was not required to conduct its proceedings under Sections 7 and 8 of the Railway Labor Act and that the Special Board did not err in basing its award in part on awards made by other Special Boards and on an agreement with respect to "crew consist" made on another railroad.
 
 
 2
 Appellant contends that the Special Board was required to prepare at its expense a transcript of its proceedings and could not merely permit any party who desired a transcript to prepare one. The claim arises in a somewhat different posture than in Brotherhood of Railroad Trainmen v. Chicago, Milwaukee, St. Paul & Pac. R. R. Co., No. 19,867, May 19, 1967, 127 U.S.App.D.C. ___, 380 F.2d 605; in the instant case the Brotherhood participated in the hearings and made objections to the Special Board's ruling that it was not required to provide a transcript.
 
 
 3
 To the extent that the Brotherhood's claim is that the Award of Arbitration Board 282 directed the local Special Boards to prepare transcripts, it falls because of the limited scope of judicial review as to Board 282's ruling that it did not intend such a requirement in its Award. Railway Labor Act, § 9, 45 U. S.C. § 159 (1964). The Brotherhood's main contention is that the Joint Resolution[1] which established Arbitration Board 282 and directed it to operate in accordance with Sections 7 and 8 of the Railway Labor Act subjects the local Special Boards, as creations of Arbitration Board 282, to the same requirements. This argument comes too late. It is merely another effort to impeach the original Award of 282 as being inconsistent with the Joint Resolution; it could and should have been raised in the action impeaching the Award, to which the Brotherhood was a party.[2] The decisions in that case are res judicata on this contention.[3]
 
 
 4
 We find no basis for disturbing the District Court's refusal to impeach the ruling of Arbitration Board 282 that the local Special Board could base its decision in part on awards of other local Special Boards and on an agreement on another railroad. Railway Labor Act, § 9.
 
 
 5
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Public Law 88-108, 77 Stat. 132 (1963)
 
 
 [2]
 Brotherhood of Locomotive Firemen & Enginemen v. Chicago, Burlington & Quincy R.R. Co., 225 F.Supp. 11 (D.D. C.), aff'd, 118 U.S.App.D.C. 100, 331 F.2d 1020, cert. denied, 377 U.S. 918, 84 S.Ct. 1181, 12 L.Ed.2d 187 (1964)
 
 
 [3]
 Brotherhood of Railroad Trainmen v. Chicago, Milwaukee, St. Paul & Pac. R.R. Co., No. 19,867, May 19, 1967, 127 U.S. App.D.C. ___, 380 F.2d 605. Judge Wright's disssent suggests that this issue is not resolved by principles ofres judicata because this court remanded the issue to Arbitration Board 282 for its view after the Award had been upheld in the impeachment action. The remand would have been a meaningless gesture, he contends, if the issue was no longer open. Although the opinion is not clear on this point, it would seem that the remand was for the purpose of having Board 282 pass on the terms of its Award, rather than on the requirements of the Joint Resolution. The Board seems to have understood that to be its function, for its answer to the Brotherhood's question was that "the special boards of adjustment provided for in * * * Award 282 are not required by the terms of the Award to adhere to procedures prescribed in either Section 7 or Section 8 of the Railway Labor Act." Even assuming the remand was directed at the requirements of the Joint Resolution, this would merely indicate our action was mistaken; it could not change the finality of the earlier impeachment decision.
 
 
 
 6
 J. SKELLY WRIGHT, Circuit Judge, (dissenting):
 
 
 7
 Public Law 88-108[1] provides for compulsory arbitration of two issues in the labor dispute between the railroads and the union: the use of firemen on locomotives, and the so-called crew consist issue. Thus, as to these issues, Congress took the unprecedented action of denying the union the right to strike. Conscious of the seriousness of its action, however, Congress provided adequate due process safeguards. It required that the proceedings before the compulsory arbitration Board "shall be conducted pursuant to sections 7 and 8 of the Railway Labor Act." Public Law 88-108, § 4.
 
 
 8
 Proceeding pursuant to the mandatory provisions of Sections 7 and 8 of the Railway Labor Act,[2] the compulsory arbitration Board resolved the fireman issue. With reference to the crew consist issue, it decided that local arbitration boards would be created to resolve this issue on a local basis, the action of the local boards to be reviewed by the national Board.
 
 
 9
 There is, of course, no provision in the Act for creation of local boards, but this action on the part of the national Board has been approved by this court.[3] What this court did not approve was the delegation of the national Board's authority to the local boards without the due process safeguards required by the Act, i. e., Sections 7 and 8 of the Railway Labor Act.
 
 
 10
 Appellees admit that the proceedings before the local boards in these cases have not been conducted pursuant to Sections 7 and 8 of the Railway Labor Act, and the union is here complaining of the local boards' failure so to proceed. Since Congress, in requiring the union to submit to compulsory arbitration, deemed the Sections 7 and 8 safeguards necessary for proceedings before the national Board, it is inconceivable to me that the national Board may legally delegate its authority to local boards without such safeguards.[4]
 
 
 11
 I respectfully dissent.
 
 
 
 Notes:
 
 
 [1]
 77 STAT. 132 (1963), 45 U.S.C. § 157 note (1964)
 
 
 [2]
 45 U.S.C. §§ 157-158 (1964)
 
 
 [3]
 See Brotherhood of Loc. Firemen & Enginemen v. Chicago, Burlington & Quincy R. Co., D.D.C., 225 F.Supp. 11, affirmed, 118 U.S.App.D.C. 100, 331 F.2d 1020, cert. denied, 377 U.S. 918, 84 S.Ct. 1181, 12 L.Ed.2d 187 (1964).
 
 
 [4]
 The majority's ruling that this issue is precluded byres judicata because of our decision in Brotherhood of Loc. Firemen & Enginemen v. Chicago, Burlington & Quincy R. Co., supra Note 3, is difficult to understand. When this case was last before this court, Brotherhood of Railroad Trainmen v. Certain Carriers, etc., 121 U.S.App.D.C. 230, 349 F.2d 207 (1965), the res judicata argument was thoroughly explored in the briefs of these same parties. This court at that time remanded the Sections 7 and 8 safeguards issue to the Board. 121 U.S.App.D.C. at 233, 349 F.2d at 210. I cannot believe this court intended the Board and these parties to waste their time debating an issue the majority now decides has been closed to debate since 1964.