380 F.2d 605
 BROTHERHOOD OF RAILROAD TRAINMEN, Appellant,
v.
CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC RAILROAD COMPANY, Appellee.
BROTHERHOOD OF RAILROAD TRAINMEN, Appellant,
v.
CHICAGO, MILWAUKEE, ST. PAUL AND PACIFIC RAILROAD COMPANY (LINES EAST) et al., Appellees.
 No. 19867.
 No. 20003.
 No. 20004.
 United States Court of Appeals District of Columbia Circuit.
 Argued October 24, 1967.
 Decided May 19, 1967.
 Certiorari Denied November 6, 1967.
 
 See 88 S.Ct. 289.
 Mr. Milton Kramer, Washington, D. C., and Mr. John H. Haley, Jr., St. Louis, Mo., of the bar of the Supreme Court of Missouri, pro hac vice, by special leave of court, with whom Mr. David L. Uelmen, Milwaukee, Wis., was on the brief, for appellant. Mr. Martin W. Fingerhut, Washington, D. C., also entered an appearance for appellant in No. 19,867.
 Mr. Francis M. Shea, Washington, D. C., with whom Mr. Richard T. Conway, Washington, D. C., was on the brief, for appellee railroads.
 Mr. Walter H. Fleischer, Atty., Dept. of Justice, with whom Asst. Atty. Gen. John W. Douglas, David G. Bress, U. S. Atty., and David L. Rose, Atty., Dept. of Justice, were on the brief, for appellees United States and Seward.
 Before BASTIAN, Senior Circuit Judge, and BURGER and WRIGHT, Circuit Judges.
 BURGER, Circuit Judge:
 
 
 1
 These appeals challenge the District Court's dismissal of objections filed by the Brotherhood of Railroad Trainmen (BRT) to Arbitration Board 282's answers of certain questions submitted to it by the BRT.
 
 
 2
 Little background need be set out since this case is merely the latest manifestation of a litigation syndrome that seems to keep the railroads and various governmental entities in the courts on an ancient issue.[1] It is sufficient here to note that, to head off a threatened national strike in 1963, Congress directed that unresolved issues be submitted to binding arbitration,[2] which was to be conducted pursuant to sections 7, 8, and 9 of the Railway Labor Act;[3] that Arbitration Board 282 made its Award later in that year; and that the portion of the Award here relevant delegated to local Special Boards of Adjustment resolution of disputes over the size and composition of train crews ("crew consist").
 
 
 3
 The appeal is directed at two questions. The first inquired of Arbitration Board 282 whether a carrier violated the terms of the Award by reducing its crews prior to disposition of the matter by the local Special Board. Board 282's Award had remanded the issue of "crew consist" to the local Special Boards with the requirement that "no change shall be made in the scope or application of rules in effect immediately prior to the effective date of this Award, whether established by agreement, interpretation, or practice. * * *" The BRT complains that Board 282 answered its question by finding: "the Award bars changes in the scope or application of `rules' in effect immediately prior to the effective date of this Award requiring a stipulated number of trainmen, whether such `rules' were established by agreement, interpretation or practice. Where no such `rule' was in effect immediately prior to the effective date of the Award, this bar does not apply." There is obviously no difference between the Award and the Board's interpretation of it; but Appellant also argues that the courts had interpreted the Award differently and that this construction was necessary to prevent the Award from failing to resolve the controversy and thus be contrary to the instruction of Congress.
 
 
 4
 In his opinion affirming the validity of Arbitration Board 282's Award, the District Judge summarized the Board's action by saying "[w]hat the Board did was to bar any changes for the time being * * *."[4] Appellant claims this forbade any changes irrespective of whether a rule was in existence. This argument is at best disingenuous; read in context it is clear beyond doubt that the District Judge was merely summarizing the Award preparatory to meeting the challenge that it was not a final disposition of the issues and thus violative of the enabling statute. Whether the railroad could make changes if there were no rule or practice in effect was irrelevant to the issue. The District Court decided that the Award adequately disposed of the issues and was valid, his decision was not premised on any particular definition of or comment concerning the Award.
 
 
 5
 Appellant's second major contention is that the Special Boards of Adjustment, like Arbitration Board 282, were to operate pursuant to the Railway Labor Act; specifically, it urges that they were required to take all evidence under oath and to keep a transcript of their proceedings. Its argument is two-fold. It claims first that the statute setting up compulsory arbitration subject to the Railway Labor Act established the same standard for the local Special Boards of Adjustment and secondly that the Arbitration Board erred in interpreting its Award by saying that it did not include this requirement. We need not consider the merits of these claims except to point out that the statutory argument is now precluded as being res judicata by virtue of the earlier review of the Award[5] and that our review of the Board's answer to the BRT's question with respect to what its Award required is determined by Section 9 of the Railway Labor Act and is therefore quite limited. It is sufficient to note that Appellant will not be heard to make these arguments at this late date.
 
 
 6
 The Special Boards of Adjustment were convened in the spring of 1964. Appellant refused to participate "on the ground that * * * final judgment of the court had not been entered in the proceeding which had been instituted to impeach the Award of Arbitration Board 282."[6] Although its motive is irrelevant, it is interesting to note that Appellant refused to participate in the proceedings even after the Award had been revised and the Supreme Court had denied it a writ of certiorari.
 
 
 7
 Having thus purposefully refused to participate, it now complains because the evidence was not taken under oath and transcripts not prepared by the Special Boards. Procedural objections to the action of an administrative agency or trial court must be timely made to give the tribunal an opportunity to correct the error, if error there be; such contentions cannot first be made on appeal.[7] It is imperative to an efficient and fair administration of justice that a litigant may not withhold his objections, await the outcome, and then complain that he was denied his rights if he does not approve the resulting decision.
 
 
 8
 But even more than that is involved here. Appellant is not lamenting merely about alleged procedural defects which it should have raised earlier; it is complaining about a lack of certain procedures which were made irrelevant by its purposeful absence. The Special Boards of Adjustments were limited, by Appellant's absence, to receiving documentary evidence submitted by the carriers. Since Appellant was not present to challenge the carriers, there was no occasion for a formal hearing in the usual sense; there was, therefore, no one to whom to give an oath and no testimony to transcribe. A party may not allege on appeal as error an action which he had induced the tribunal to take;[8] by boycotting the Special Boards of Adjustment, the Appellant did not merely induce the alleged errors but also made them necessary if the disputes were to be settled promptly.
 
 
 9
 Appellant's arguments that conditions caused by its refusal to participate require reversal of the awards is nothing more than another way of saying that it should have complete veto power over the operation of these public Boards by the simple device of declining participation.
 
 
 10
 Affirmed.
 
 
 11
 J. SKELLY WRIGHT, Circuit Judge, dissents for the reasons stated in his dissenting opinion in Nos. 20212 and 20213, Brotherhood of Railroad Trainmen v. St. Louis Southwestern Railway Company and Ralph T. Seward, 127 U.S. App.D.C. ___, 380 F.2d 603, filed today.
 
 
 
 Notes:
 
 
 [1]
 The dispute is chronicled in Brotherhood of Locomotive Firemen & Enginemen v. Chicago, Burlington & Quincy R.R. Co., 225 F.Supp. 11 (D.D.C.), aff'd 118 U. S.App.D.C. 100, 331 F.2d 1020, cert. denied, 377 U.S. 918, 84 S.Ct. 1181, 12 L. Ed.2d 187 (1964), and in Brotherhood of Railroad Trainmen v. Akron & Barberton Belt R.R. Co., No. 20,152, D.C.Cir., May 12, 1967
 
 
 [2]
 Joint Resolution, Public Law 88-108, 77 Stat. 132 (1963)
 
 
 [3]
 44 Stat. 582, 584, 585 (1926), as amended, 45 U.S.C. §§ 157, 158, 159 (1964)
 
 
 [4]
 Brotherhood of Locomotive Firemen & Enginemen v. Chicago, Burlington & Quincy R.R. Co.,supra n. 1, 225 F.Supp. at 20. Appellant points also to similar statements by two other judges. In one, the opinion was expressly dealing with a change in a rule or in rule application, and statements that no change could be made were shorthand for "change in rule or in rule application." Chicago, Milwaukee, St. Paul & Pacific R.R. Co. v. Order of Ry. Conductors & Brakemen, 229 F.Supp. 178 (W.D.Wash.1964). In the other, Judge Miller, sitting as a District Judge, stated that Judge Holtzoff had determined that no changes should be made in "crew consist" and noted that this had been directed only at the issue of the finality of Board 282's disposition; Judge Miller expressly left open the question of the meaning of the Award and directed that Board 282 first decide the question. Certain Carriers, etc. Misc. No. 40-63, D.D.C. Aug. 6, 1965.
 
 
 [5]
 In the action to impeach the Award, to which the BRT was a party, the unions claimed that the Award did not satisfy the requirements of Public Law 88-108; the District Court held that it did. Brotherhood of Locomotive Firemen & Enginemen v. Chicago, Burlington & Quincy R.R. Co.,supra, n. 1. The BRT's identical claim in this litigation, therefore, is determined by considerations of res judicata. The fact that it apparently did not urge this particular theory of illegality at the time of its impeachment action is, of course, irrelevant. A party may not litigate one issue and then, upon an unsuccessful disposition, revivify the same cause of action with a new theory. In any case, the BRT must have been aware at that time of the theory it now urges. It argued that Board 282 lacked authority to require the parties to bear the expenses of the neutral members on the local Special Boards since the parties had agreed to permit the government to bear the cost; yet it surely must have known that Section 7 Third (e) of the Railway Labor Act requires the government to pay. It was in a position, therefore, to realize that Board 282's Award did not call for the local Special Boards to act pursuant to the Railway Labor Act. There is no basis for the argument that the BRT could assume that the local Special Boards would be conducted in accordance with the Railway Labor Act and that the divergence from that Act was not in the Award but in the later actions of the Special Boards.
 
 
 [6]
 It says that its refusal to participate was also based on the railroads' notices being more general than what was permitted by the Award; its record citations, however, do not support this
 
 
 [7]
 E.g., United States v. L. A. Tucker Truck Lines, Inc., 344 U.S. 33, 37, 73 S. Ct. 67, 97 L.Ed. 54 (1952); Bower v. Eastern Airlines, Inc., 214 F.2d 623, 627 (3d Cir.), cert. denied, 348 U.S. 871, 75 S.Ct. 107, 99 L.Ed. 685 (1954); United States v. Five Cases, 179 F.2d 519, 523 (2d Cir.), cert. denied, 339 U.S. 963, 70 S.Ct. 997, 94 L.Ed. 1372 (1950). Indeed in our earlier consideration of the question of the applicability of the Railway Labor Act to the Special Boards of Adjustment, when we suggested presenting the problem to Board 282, we noted, "Courts will not lightly view a party's failure to request certain procedural rights, or even refrain from participation only thereafter to await the outcome and then challenge an unfavorable result." Brotherhood of R.R. Trainmen v. Certain Carriers, 121 U.S.App.D.C. 230, 232, 349 F.2d 207, 209 n. 7 (1965).
 
 
 [8]
 E.g., Bowman v. Curt G. Joa, Inc., 361 F.2d 706, 716 (4th Cir. 1966); Cranston Print Works Co. v. Public Service Co., 291 F.2d 638, 649 (4th Cir. 1961); Livingston v. Shreveport-Texas League Baseball Corp., 128 F.Supp. 191, 203 (W. D.La.1955), aff'd 228 F.2d 623 (5th Cir. 1956).