445 F.Supp. 277 (1978)
William G. CRONIN, Ferl F. Toll, William T. Roach and Alfred D. Russom, Plaintiffs-Counterdefendants,
v.
SEARS, ROEBUCK & COMPANY, a corporation, Defendant and Counterclaimant and Teamsters Local Union No. 688, a Labor Organization, Defendant.
No. 76-477C(3).
United States District Court, E. D. Missouri, E. D.
January 24, 1978.
*278 Kenneth V. Byrne, St. Louis, Mo., for plaintiffs.
Joel D. Monson, Anderson, Gilbert, Wolfort, Allen & Bierman, St. Louis, Mo., Kalvin M. Grove, Lederer, Fox & Grove, Chicago, Ill., for Sears, Roebuck & Co.
Wiley, Craig, Armbruster, Wilburn & Mills, St. Louis, Mo., for Teamsters Local Union # 688.

MEMORANDUM
NANGLE, District Judge.
This matter is before the Court upon the motions of plaintiffs for attorney's fees and for judgment in their favor against defendant Sears, Roebuck & Company notwithstanding the verdict, and the motion of defendant Union for judgment in its favor notwithstanding the jury's verdict. Plaintiffs filed this suit pursuant to 29 U.S.C. § 185, alleging breach of the duty of fair representation and breach of the collective bargaining agreement. Plaintiffs, all employees of defendant Sears and represented by defendant Union, allege that defendant Sears breached the collective bargaining agreement when it failed to pay plaintiffs for days spent in court prosecuting a suit against defendant Sears. Plaintiffs further alleged that defendant Union breached its duty of fair representation in failing to pursue their grievances. The grievances were not taken to arbitration; the union failed to pursue the grievances past the Adjustment Board stage.
Plaintiffs now seek an award of attorney's fees. Although some courts have allowed an award of attorney's fees in suits filed pursuant to 29 U.S.C. § 185, see Scott v. Anchor Motor Freight, Inc., 496 F.2d 276 (6th Cir. 1974), cert. denied, 419 U.S. 997, 95 S.Ct. 312, 42 L.Ed.2d 271 (1974); de Arroyo v. Sindicato de Trabajadores Packinghouse, AFL-CIO, 425 F.2d 281 (1st Cir. 1970), the general rule is that attorney's fees are not recoverable. Crawford v. Pittsburgh-Des Moines Steel Co., 386 F.Supp. 290 (D.Wyo. 1974). There can be no doubt that plaintiffs' attorney performed well herein. Yet, this Court declines to award attorney's fees herein.
The union seeks judgment in its favor notwithstanding the verdict. Defendant Union first contends that the award of agrees. Recovery of punitive damages has been authorized in only a narrow range of cases in which the union's conduct is termed to be outrageous or extraordinary, accomplished by violence, harassment, physical abuse, scorn, ridicule or malice. Bond v. Local Union 823, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, 521 F.2d 5 (8th Cir. 1975); Crawford v. Pittsburgh-Des Moines Steel Co., supra; de Arroyo v. Sindicato de Trabajadores Packinghouse, AFL-CIO, supra. The evidence adduced herein was insufficient to warrant an award of punitive damages. The strongest evidence in support of such an award was the actions of the union in refusing entry to Russom and Toll at one union meeting, even though these plaintiffs were delinquent in the payment of their union dues. Assuming arguendo that plaintiffs were entitled to attend the meeting, the conduct of the union in refusing entry falls far short of the type of conduct required to sustain an award of punitive damages. Cf., Richardson v. Communications Workers of America, 443 F.2d 974 (8th Cir. 1971). Accordingly, the Court will grant the union's motion, and deny recovery of punitive damages.
*279 Defendant Union also seeks to vacate the award of actual damages, contending that the jury verdict in favor of defendant Sears Roebuck establishes that the award against the Union can not stand. In support thereof, defendant Union cites the Court to a phrase in Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976) in which the Court states:
To prevail against either the company or the Union, petitioners must show not only that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union. Id. at 570-571, 96 S.Ct. at 1060.
In Hines, however, the Court was confronted with a situation in which the union had processed the grievance through arbitration. Thus, the discharged employees had to overcome the barrier of finality that resulted from an arbitration decision. Case law stemming from other factual settings clearly indicate that a breach of duty of fair representation gives rise to a cause of action which is independent from any action based on breach of the collective bargaining agreement. Cf., Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); Mumford v. Glover, 503 F.2d 878 (5th Cir. 1974); Waters v. Wisconsin Steel Works of International Harvester Company, 427 F.2d 476 (7th Cir. 1970); Ruzicka v. General Motors Corporation, 523 F.2d 306 (6th Cir. 1975). Case law is equally clear, however, that the measure of damages for breach of the duty of fair representation is not the same as that for breach of the collective bargaining agreement.
. . . damages attributable solely to the employer's breach of contract should not be charged to the union, but increases if any in those damages caused by the union's refusal to process the grievance should not be charged to the employer. Vaca v. Sipes, supra, 386 U.S. at 197-98, 87 S.Ct. at 920.
See also Hines v. Anchor Motor Freight, Inc., supra; Czosek v. O'Mara, 397 U.S. 25, 90 S.Ct. 770, 25 L.Ed.2d 21 (1970); Butler v. Local Union 823, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, 514 F.2d 442 (8th Cir. 1975); Waters v. Wisconsin Steel Works of International Harvester Company, supra.
In the instant case, the parties stipulated that the amount of actual damages sustained by plaintiffs was $428.40. It is clear, however, that the parties did not stipulate that said amount represented the amount of damages sustained by plaintiffs solely because of the breach of the duty of fair representation:
THE COURT: Gentlemen, first, we, in our discussions the parties stipulated concerning the amount of actual damages that should be awarded the plaintiffs in the event they recover . . . the stipulated amount, as I understand it, is $428.40 total for all of the plaintiffs. Is that correct?
MR. CRAIG [for defendant Union]: That is correct, your Honor.
MR. CONLEY [for defendant Company]: Yes, your Honor.
THE COURT: Nextly, it is stipulated that the court shall apportion those damages amongst the plaintiffs.
. . . . .
MR. CONLEY: Yes, your Honor.
MR. CRAIG: That is agreed, your Honor. I assume in apportioning damages that your Honor refers not only to amounts but to the damages to be assessed against the union and against the company.
THE COURT: Well, I was going to get to that next. So, Mr. Byrne [counsel for plaintiffs], first, you likewise so stipulate as far as the $428.40 and the apportionment amongst the parties plaintiff in the event of their recovery, correct?
MR. BYRNE: Correct, your Honor, and I, as I mentioned last night, I feel that there should also be a stipulation by all parties that in the event that the special interrogatories are returned showing a breach of the duty of fair representation and a breach of contract that the defendants stipulate that these damages did arise from said actions.
MR. CONLEY: Excuse me, I didn't understand what you're talking about.
MR. BYRNE: That these damages which you have just stipulated to, the loss of *280 wages, did arise from the breach of the duty of fair representation and from the breach of contract.
MR. CRAIG: I don't think I can stipulate to that. [emphasis added].
The result of this conversation was that the parties agreed that if the jury found that the union had breached its duty of fair representation and the company had breached the collective bargaining agreement, the company would be responsible for the $428.40. If, however, the jury found no breach of the duty of fair representation but did find a breach of the collective bargaining agreement, the parties agreed that there would be no damages award and that a verdict in favor of both defendants would be entered.
Evidence of damages attributable solely to a breach of the duty of fair representation was not adduced. Plaintiffs attempted to introduce evidence of mental anguish and suffering. Such evidence was disallowed by the Court. de Arroyo v. Sindicato de Trabajadores Packinghouse, AFL-CIO, supra. Absent any evidence of damages, the Court concludes that plaintiffs are entitled to recover only nominal damages.
Accordingly, the union's motion will be granted and plaintiffs' motions will be denied.