455 F.Supp. 322 (1978)
William Thomas ROACH, Plaintiff,
v.
TEAMSTERS LOCAL UNION NO. 688, a labor organization, Defendant.
No. 78-110C(1).
United States District Court, E. D. Missouri, E. D.
July 27, 1978.
Kenneth V. Byrne, Clayton, Mo., for plaintiff.
Harry H. Craig, Clyde E. Craig, Wiley, Craig, Armbruster, Wilburn & Mills, St. Louis, Mo., for defendant.

MEMORANDUM
MEREDITH, Chief Judge.
This matter is before the Court on the motion of defendant for summary judgment. *323 For the reasons stated below, the motion will be sustained.
This is a suit under the Labor Management Relations Act, (LMRA) 29 U.S.C. § 185 et seq., and 29 U.S.C. § 401 et seq. Plaintiff alleges that he was denied equal rights and privileges by the defendant Local when officers in the Local restricted plaintiff's access and right to participate in the local's meetings.
Plaintiff specifically alleges in Count I that he went to a Local meeting in January 1976 but was refused admittance by a Ron Gamache. A fortiori, plaintiff asserts he was denied his right to vote, to attend meetings, and to participate, all in violation of a union member's rights under the LMRA. 29 U.S.C. § 401 et seq. Count II seeks punitive damages.
Defendant contends that on May 26, 1976, this plaintiff and three other members of defendant filed a complaint in this court (Cause No. 76-477 C(4)) against Sears Roebuck (Plaintiff's employer) and this defendant. Plaintiffs therein sought damages for exclusion from the January 1976 meeting held by defendant. Plaintiff appealed a judgment N.O.V. This appeal is presently pending before the Eighth Circuit.
Defendant moves for summary judgment on the ground that the first case litigated the issues of liability and damages sustained by plaintiff for exclusion from the January 1976 meeting and that res judicata bars a second attempt to recover on that cause of action.
Plaintiff argues that the cause of action, the parties, the damages, and the issues are different in this case. The Court cannot agree.
A party may not litigate one issue and then, upon an unsuccessful verdict, attempt to revive the same cause of action under a new theory of recovery. Brotherhood of Railroad Trainmen v. Chicago, Milwaukee, St. Paul & Pacific Railroad Company, 127 U.S.App.D.C. 58, 60, 380 F.2d 605, 608 note 5 (1967).
"Normally, if a previous judgment is valid, final, on the merits, and on the same cause of action, it is an absolute bar in another action between the same parties, . . . not only in respect of every matter which was actually offered or received to sustain the demand . . ., but also as to every ground of recovery . . . which might have been presented." 1B Moore's Federal Practice, ¶ 0.410[2], page 1163, (2d ed.), Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940).
When the issue of res judicata is properly raised the prior judgment must be scrutinized to determine whether the same cause of action is involved. Woodbury v. Porter, 158 F.2d 194 (8th Cir. 1946). Various tests have been developed to make this determination. Some are: whether the same right is infringed by the same wrong; identity of grounds; and whether the same evidence would suffice to sustain both judgments. 1 Moore's Federal Practice, ¶ 0.410[1], page 1157-1158, (2nd ed.).
It is undisputedly clear that the plaintiff is suing on the same operative facts  the January 1976 meeting. The only thing different in this lawsuit is the theory of recovery.
When there is a final judgment on the merits in one action, that judgment acts as a bar in another suit on the same cause of action. Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149 (1943).
An entire claim cannot be divided and made the subject of several suits. Secor v. Sturgis, 16 N.Y. 548 (1858).
Res judicata operates to prevent splitting the same cause of action and the use of several grounds of recovery under the same action as the basis for separate suits. Mendez v. Bowie, 118 F.2d 435 (1st Cir. 1941).
Plaintiff contends the first case was for recovery of damages for breach of the duty of fair representation, 29 U.S.C. § 185 et seq. Plaintiff further states that the present lawsuit is an attempt to recover under 29 U.S.C. § 401 et seq., for denial of "his rights to free speech, free expression, and free assembly".
The Court is of the opinion that plaintiff is attempting to relitigate the *324 same alleged injury  the January 1976 meeting of defendant. Since there has been a final judgment on the merits of that cause of action, res judicata will bar an attempt by plaintiff to split the cause of action and recover under a different theory. Clarke v. Redeker, 406 F.2d 883 (8th Cir. 1969). The fact that additional parties were involved in the first lawsuit is immaterial. Plaintiff was a plaintiff in the first suit and defendant was a defendant in the first suit. This is all that is required to find an identity of parties.
Plaintiff also contends the defendant, subsequent to the January 1976 meeting, continued to deny his rights of free speech, free expression, and free assembly. Although it is doubtful that plaintiff could ever recover on such a claim because he voluntarily refused to attend the defendant's meetings, the initial lawsuit was the time and place to try this claim.
Res judicata prevents relitigation of all grounds of recovery that were then available to the parties in relation to the same claim, regardless of whether all grounds for recovery were judicially determined. Overmyer v. Fidelity & Deposit Co. of Maryland, 554 F.2d 539 (2d Cir. 1977). Accordingly, defendant's motion will be sustained and the complaint dismissed.