**Alfred D. RUSSOM, Plaintiff,**

v.

**TEAMSTERS LOCAL UNION No. 688, a Labor Organization, Defendant.**

**No. 78–111C(4).**

United States District Court, E. D. Missouri, E. D.

Aug. 18, 1978.

Kenneth V. Byrne, Clayton, Mo., for plaintiff.

Wiley, Craig, Armbruster, Wilburn & Mills, Harry H. Craig and Clyde E. Craig, St. Louis, Mo., for defendant.

MEMORANDUM

FILIPPINE, District Judge.

This matter is before the Court upon the motion of defendant to dismiss and for summary judgment.

Plaintiff brings suit pursuant to 29 U.S.C. § 185 *et seq.* and 29 U.S.C. § 401 *et seq.* claiming that he was denied his "equal rights and privileges" by the defendant union. Specifically, plaintiff claims that the defendant, through its chief operating officer, refused to permit him to attend a meeting in January of 1976 and has continued to deny plaintiff his rights since that time.

Defendant's motion states that the cause of action which plaintiff now brings has been the subject of a previous lawsuit, *Cronin v. Sears, Roebuck & Company*, 445 F.Supp. 277 (E.D.Mo.1978), in which both plaintiff and defendant were parties. It is defendant's contention that the present action should be barred by the principle of res judicata.

## 1354

In the *Cronin* action, plaintiffs claimed that Sears had breached their contract of employment by failing to pay plaintiffs for the time they served as witnesses in a prior lawsuit. The present defendant was charged with breaching its duty of fair representation and with committing other unspecified "malicious" acts. At trial, in support of their claim for punitive damages, plaintiffs introduced evidence of defendant's failure to admit them to the January, 1976 meeting.

A jury verdict consisting of actual and punitive damages was rendered in favor of plaintiffs against the union. A judgment notwithstanding the verdict was granted by the trial judge and a final judgment of $1.00 in nominal damages was entered. An appeal is pending.

There is no doubt that the parties to the present suit are "identical" to those in the *Cronin* suit for res judicata purposes. Nor is there any doubt that plaintiffs sought to recover punitive damages for their exclusion from the January, 1976 meeting. Plaintiff now seeks to recover actual and punitive damages and attorney's fees. While the legal theory under which plaintiff now proceeds is different from that of the *Cronin* suit, the cause of action which plaintiff brings is the same as one of the causes of action which was litigated in the *Cronin* case. Plaintiff had the opportunity in that prior suit to raise the legal claims he now presents. Having failed to do so, he cannot now seek to relitigate the same cause of action on a different legal theory. See generally 4B, *Moore's Federal Practice*, ¶ 0.410[1] (2d ed.).

Accordingly, defendant's motion is granted.[1]

1. See *Roach v. Teamsters Local Union No. 688*, 455 F.Supp. 322 (E.D.Mo.) wherein Judge Meredith issued an order on July 27, 1978 granting summary judgment for defendant and dismissing plaintiff's action in an identical suit by one of the other plaintiffs in the *Cronin* action.