William Thomas ROACH, Appellant,

v.

TEAMSTERS LOCAL UNION NO. 688, a
Labor Organization, Appellee.

Alfred D. RUSSOM, Appellant.

v.

TEAMSTERS LOCAL UNION NO. 688, a
Labor Organization, Appellee.

Nos. 78–1633, 78–1703.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 12, 1979.

Decided April 4, 1979.

Rehearing and Rehearing En Banc
Denied April 26, 1979.

Kenneth V. Byrne, Clayton, Mo., on brief, for appellants.

Harry H. Craig, of Wiley, Craig, Armbruster, Wilburn & Mills, St. Louis, Mo., for appellee; Clyde E. Craig, St. Louis, Mo., on brief.

Before LAY, BRIGHT and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

William Thomas Roach and Alfred D. Russom initiated separate but virtually identical lawsuits in the United States District Court for the Eastern District of Missouri. Each plaintiff alleged that the Teamsters Local Union No. 688 (the Union) wrongfully deprived him of certain rights guaranteed to union members by the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 401 et seq. In each case the district court[1] concluded the suit was barred by res judicata, granted summary judgment for the Union and dismissed the complaint with prejudice. Both plaintiffs timely appealed and the cases were consolidated for briefing and oral argument. We affirm.

Roach and Russom are employees of Sears, Roebuck and Company in St. Louis, Missouri, and members of defendant Union. In separate complaints each plaintiff alleged that in January 1976 he was arbitrarily and discriminatorily prevented by union officials from attending a union meeting. Plaintiffs were thereby denied rights guaranteed to union members by LMRDA, specifically, the right to attend and participate in union meetings, the right to assemble freely with other union members, the right to express their opinions and the right to vote. Plaintiffs further alleged that subsequent to the January 1976 incident the Union continued to deny them their rights of free speech and assembly. As a result of the Union's conduct plaintiffs claimed they suffered damage to name and reputation, humiliation and mental distress. For relief they sought actual and punitive damages, costs and attorneys' fees.

On motions by the Union, summary judgments were entered in favor of the Union and the complaints were dismissed with prejudice. In separate memorandum opinions both trial courts held that plaintiffs had attempted to recover for the same alleged violations in a prior lawsuit, *Cronin v. Sears, Roebuck & Co.*, 445 F.Supp. 277 (E.D. Mo.1978), aff'd in part, vacated & remanded in part, 588 F.2d 616 (8th Cir. 1978), and, therefore, the present suits were barred by res judicata. *Roach v. Teamsters Local Union No. 688*, 455 F.Supp. 322 (E.D.Mo.1978); *Russom v. Teamsters Local Union No. 688*, 455 F.Supp. 1353 (E.D.Mo.1978).

In 1975 Roach and Russom and several other named plaintiffs brought a class action against both Sears and the Union based on the loss of certain pension and seniority benefits.[2] The *Cronin* dispute derived from the refusal of Sears to pay plaintiffs witness pay for the days they appeared as witnesses on their own behalf in the trial of that case. Roach and Russom and two other plaintiffs sued both Sears and the Union, alleging that Sears breached its collective bargaining agreement by refusing to pay the witness pay and that the Union breached its duty of fair representation by failing to process properly their grievances arising from the company's refusal. Plaintiffs sought actual and punitive damages for lost wages and for mental distress. At the *Cronin* trial, to substantiate their claims

---

1. The Honorable James H. Meredith, Chief Judge, United States District Court for the Eastern District of Missouri, presided in *Roach v. Teamsters Local Union No. 688*, 455 F.Supp. 322 (E.D.Mo.1978). The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri, presided in *Rus-*som v. Teamsters Local Union No. 688, 455 F.Supp. 1353 (E.D.Mo.1978).

2. See *Russom v. Sears, Roebuck & Co.*, 558 F.2d 439 (8th Cir.), cert. denied, 434 U.S. 955, 98 S.Ct. 481, 54 L.Ed.2d 313 (1977).

of mental distress, plaintiffs put into evidence their exclusion from the January 1976 union meeting upon which the present complaints are based. Over defendants' objections that this meeting was totally unrelated to the witness pay dispute, both Roach and Russom were permitted to testify in considerable detail about the incident.

At the conclusion of the trial, the jury returned special interrogatories finding that Sears had not breached its collective bargaining agreement but that the Union had breached its duty of fair representation. Actual damages for lost wages were stipulated by the parties to total $428. The jury assessed punitive damages against the Union in the amount of $10,000 for each plaintiff. The trial court, however, entered nominal damages for each plaintiff in the sum of $1 and vacated the award for punitive damages. On appeal, we held that the district court erred in entering a judgment for nominal damages. Otherwise, we affirm the judgment of the district court. *Cronin v. Sears, Roebuck & Co., supra.*

On this appeal, Roach and Russom contend that the courts below erred in holding that their present claims are barred by the judgment in *Cronin.* They argue that res judicata is inapplicable because their present claims are based upon a different specific statutory right, involve different operative facts, different issues, different damages and constitute an entirely different cause of action.

■ We cannot agree. In our view, this is a classic example of a litigant, having failed to recover on his initial theory, attempting to relitigate the same claim under a different theory of recovery. It is well established that res judicata prevents a litigant from getting yet "another day [in court] after the first lawsuit is concluded by giving a different reason than he gave in the first for recovery of damages for the same invasion of his rights." *Williamson v.*

*Columbia Gas & Elec. Corp.,* 186 F.2d 464, 470 (3d Cir. 1950), *quoted in Engelhardt v. Bell & Howell Co.,* 327 F.2d 30, 33 (8th Cir. 1964).

■ We are here dealing with the branch of res judicata we have previously labeled claim preclusion. *See Engelhardt v. Bell & Howell Co., supra. See generally* Vestal, *Res Judicata/Claim Preclusion: Judgment for the Claimant,* 62 Nw.U.L. Rev. 357 (1967). The law of res judicata as it relates to claim preclusion is well established.[3] The rule has been explained as follows:

> The general rule of *res judicata* applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Cromwell v. County of Sac,* 94 U.S. 351, 352, [24 L.Ed. 195]. The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment.

*Commissioner v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948), *quoted in Sea-Land Services, Inc. v. Gaudet,* 414 U.S. 573, 578–79, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974) *and Pepper v. Bankers Life & Cas. Co.,* 414 F.2d 356, 357 (8th Cir. 1969). *See Clarke v. Redeker,* 406 F.2d 883 (8th Cir.), *cert. denied,* 396 U.S. 862, 90 S.Ct. 135, 24 L.Ed.2d 115 (1969); *Engelhardt v. Bell & Howell Co., supra.*

---

**3.** We note that in a non-diversity case federal courts are to apply federal principles of res judicata and are not bound by state law. *See Heiser v. Woodruff,* 327 U.S. 726, 733, 66 S.Ct. 853, 90 L.Ed. 970, *rehearing denied,* 328 U.S. 879, 66 S.Ct. 1335, 90 L.Ed. 1647 (1946); *Maher v. New Orleans,* 516 F.2d 1051, 1056 (5th Cir. 1975), *cert. denied,* 426 U.S. 905, 96 S.Ct. 2225, 48 L.Ed.2d 830 (1976). *See generally* Vestal, *Res Judicata/Preclusion by Judgment: The Law Applied in Federal Courts,* 66 Mich.L.Rev. 1723 (1968).

The essence of the rule is that a final judgment on the merits bars further claims by the same parties based on the same cause of action. *Montana v. United States,* —— U.S. ——, ——, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). The critical issue before us on this appeal is, therefore, whether plaintiffs are suing on a cause of action adjudicated in *Cronin.*[4] Various tests have been employed for determining what constitutes a cause of action for res judicata purposes.[5] This court has favored a broad approach in recognition of the salutary purposes of res judicata of finality of judgments and the avoidance of piecemeal litigation. *See Hanson v. Hunt Oil Co.,* 505 F.2d 1237 (8th Cir. 1974). Thus we have said that "[i]n the final analysis the test would seem to be whether the wrong for which redress is sought is the same in both actions." *Woodbury v. Porter,* 158 F.2d 194, 195 (8th Cir. 1946), *quoted in Hanson v. Hunt Oil Co., supra,* 505 F.2d at 1240. *Accord, Clarke v. Redeker, supra. See Robbins v. District Court,* 592 F.2d 1015 at 1017 (8th Cir. 1979), *and Engelhardt v. Bell & Howell Co., supra,* 327 F.2d at 32 (test is whether the primary right and duty, and delict or wrong are the same in each action).

■ We have carefully reviewed again the record in *Cronin,* including the pleadings and the trial transcript. We are convinced that plaintiffs are attempting to recover for a wrong for which they sought recovery in *Cronin.* Although in *Cronin* plaintiffs did not plead their exclusion from the January meeting as a separate violation of their rights, a very substantial portion of the trial was devoted to that incident, and it is evident that that alleged invasion of their rights was one basis of their damage claim.

Plaintiffs contend, however, that in *Cronin* they did not attempt to recover damages for their exclusion from the January meeting. They emphasize that *Cronin* was brought pursuant to 29 U.S.C. § 185(a) for breach of the duty of fair representation whereas their present claims are based upon 29 U.S.C. § 401 et seq., which sets forth a "bill of rights" for members of labor organizations[6] and specifically grants union members a cause of action for violations of these rights.[7] They assert that the only injury for which relief was sought in *Cronin* and the only cause of action therein litigated was the breach of contract and the Union's breach of the duty of fair representation. The operative facts surrounding that cause of action were the events of October 1975 when the Union made the decision not to take their witness pay grievance to arbitration. Plaintiffs explain that their exclusion from the January meeting was put in evidence at the *Cronin* trial only for the limited purpose of demonstrating that the Union's failure to fairly represent them was malicious and in bad faith. They contend that the courts below confused mere evidence of the meeting with a cause of action.

We recognize that the right to fair representation and the free speech and assembly rights enumerated in the bill of rights for members of labor organizations are separate and distinct statutory rights. If the *Cronin* trial had been strictly limited to the Union's alleged breach of the duty of fair representation the present actions may not have been barred. However, we cannot agree with plaintiffs that they did not litigate their exclusion from the January meeting in *Cronin.*

In *Cronin* plaintiffs sought to recover damages for the mental distress they allegedly suffered as a consequence of the Union's unfair representation. At trial their evidence of mental distress consisted of testimony that plaintiffs suffered the ridicule of their coworkers and testimony about their exclusion from the January un-

4. It is clear the parties here are the same parties that were involved in the *Cronin* litigation. For purposes of res judicata it is irrelevant that additional parties were also involved in that case.

5. *See generally* 1B Moore's Federal Practice ¶ 0.410[1] (1974).

6. *See* 29 U.S.C. § 411.

7. *See* 29 U.S.C. § 412.

ion meeting. Plaintiffs' theory was that the Union failed to represent them regarding their claims for witness pay in retaliation for their initiation of the original pension benefits suit against the Union and Sears. They contended that their exclusion from the January meeting was to prevent them from bringing the witness pay dispute before the members of the union, and that the incident demonstrated the Union was engaged in a continuing course of discriminatory treatment because of the pension benefits litigation. Plaintiffs' counsel argued vigorously to the jury that the exclusion of plaintiffs from the meeting was the type of extreme and outrageous conduct warranting punitive damages.[8] The record thus belies plaintiffs' arguments that they did not attempt to recover in Cronin for that injury.

Moreover, the Cronin trial court specifically held that plaintiffs' evidence about their exclusion from the meeting was inadequate to sustain an award of punitive damages. In vacating the jury award the court stated:

> The evidence adduced herein was insufficient to warrant an award of punitive damages. The strongest evidence in support of such an award was the actions of the union in refusing entry to Russom and [another plaintiff] at one union meeting, even though these plaintiffs were delinquent in the payment of their union dues. Assuming arguendo that plaintiffs were entitled to attend the meeting, the conduct of the union in refusing entry falls far short of the type of conduct required to sustain an award of punitive damages.

Cronin v. Sears, Roebuck & Co., supra, 445 F.Supp. at 278. On appeal, we agreed with the trial court that the record failed to reveal such extreme and outrageous conduct by the Union which would justify an award of punitive damages. Cronin v. Sears, Roebuck & Co., supra, at 620.

Plaintiffs contend that if they are not permitted to proceed they will be denied a remedy specifically provided by Congress. The short answer to this contention is that they are precluded only because they failed to assert in Cronin the grounds for recovery they now assert. Plaintiffs' rights against the Union based upon their exclusion from the meeting were fully before the trial court in Cronin, whether or not all the reasons for recovery were stated. See Williamson v. Columbia Gas & Elec. Corp., supra, 186 F.2d at 470; Engelhardt v. Bell & Howell Co., supra, 327 F.2d at 33. A judgment in a prior suit between the same parties is final not only as to all matters that were in fact offered and received to sustain or defeat the claim but also as to all matters that might have been offered for that purpose. Commissioner v. Sunnen, supra; Pepper v. Bankers Life & Cas. Co., supra. See Gatzemeyer v. Vogel, 589 F.2d 360, 362–63 (8th Cir. 1978) (Iowa law). A party may not litigate a claim and then, upon an unsuccessful disposition, revive the same cause of action with a new theory. Brotherhood of R.R. Trainmen v. Chicago, M., St. P. & P. R.R., 127 U.S.App.D.C. 58, 61 n. 5, 380 F.2d 605, 608 n. 5, cert. denied, 389 U.S. 928, 88 S.Ct. 289, 19 L.Ed.2d 279 (1967). See Engelhardt v. Bell & Howell Co., supra, 327 F.2d at 33.

In the present suits plaintiffs are asserting an alternative theory of recovery for their exclusion from the January meeting which could have and should have been raised in the previous litigation. We cannot countenance plaintiffs' attempts to split a single cause of action into multiple lawsuits. Important policy interests are served by the claim preclusion aspect of res judicata. The doctrine prevents harassment of parties by repetitive litigation, conserves judicial resources, and prevents diminishment of the prestige of the courts by minimizing inconsistent decisions. Montana v. United States, supra, —— U.S. at ——, 99 S.Ct. 970, 59 L.Ed.2d 210; Gatzemeyer v. Vogel,

---

**8.** In Cronin, all of plaintiffs' evidence of mental distress was limited by the trial court to the claim for punitive damages. See Cronin v. Sears, Roebuck & Co., 588 F.2d 616 at 619 (8th Cir. 1978). Plaintiffs failed to offer the trial court any theory by which the testimony about the January meeting could be considered as a basis for actual damages.

*supra,* 589 F.2d at 365. We are satisfied that these policies will be served by applying the doctrine in the present cases. We hold plaintiffs are barred by the judgment in *Cronin* from relitigating their claims based on their exclusion from the January 1976 union meeting.

We are aware that plaintiffs have alleged that subsequent to January 1976 the Union has continued to deny them their rights. Plaintiffs rely on this allegation to urge that their present claims are not barred because these continuing violations were not and could not have been litigated in *Cronin.* We disagree.

We note first that the only specific incident pleaded in plaintiffs' complaints is their exclusion from the January meeting. Second, in *Cronin,* plaintiffs contended that this incident was itself part of a continuing course of discriminatory conduct by the Union in retaliation for their suit against Sears and the Union regarding pension benefits. To the extent that the alleged continuing violations are all related to the prior disputes between the parties they should have been tried together in the *Cronin* litigation.

Third, in its motions for summary judgments, the Union asserted that plaintiffs were not excluded from any subsequent union meetings. In support the Union submitted the sworn affidavits of its counsel. Counsel stated that in preparation for the present litigation he took the depositions of plaintiffs Roach and Russom. In substance, Roach and Russom each admitted that he did not attempt to attend union meetings for several months after January 1976, and that when he did attempt to attend meetings he was not thereafter excluded. Plaintiffs did not challenge the accuracy of the affidavits in the trial court. By way of rebuttal they submitted only the affidavits of their own counsel stating that there was "abundant evidence" not included in the depositions taken by the Union's counsel that plaintiffs had been denied their rights subsequent to the January 1976 meeting.

Rule 56(e) of the Federal Rules of Civil Procedure provides in pertinent part that "[w]hen a motion for summary judg-

ment is made and supported * * * an adverse party may not rest upon the mere allegations or denials of his pleading, but his response * * * must set forth specific facts showing that there is a genuine issue for trial." Given the Union's evidence that plaintiffs admitted they were not prevented from attending subsequent union meetings, the plaintiffs could not rest upon their general allegations of continuing Union misconduct, but were required to offer some specific evidence to support their allegations. *See First Nat'l Bank v. Cities Serv. Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); *Whitlock v. Midwest Acceptance Corp.,* 575 F.2d 652, 653 (8th Cir. 1978).

The substance of plaintiffs' present claims is their exclusion from the January 1976 union meeting. This alleged invasion of their rights was litigated in *Cronin* and plaintiffs are barred from relitigating the claim. Plaintiffs failed to offer any specific facts to support their allegations of subsequent violations of their rights. Accordingly, the courts below properly granted the Union's motions for summary judgment against plaintiffs on their entire claims.

The judgments are affirmed.