UNITED STATES of America, Appellee,

v.

Alan K. STUART, Appellant.

No. 81–2348.

United States Court of Appeals,
Eighth Circuit.

Submitted July 14, 1982.

Decided Sept. 22, 1982.

Rehearing Denied Oct. 15, 1982.

Joe O'Bryan, Cabot, Ark., for appellant.

George W. Proctor, U. S. Atty., Fletcher Jackson, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before LAY, Chief Judge, and HEANEY and McMILLIAN, Circuit Judges.

LAY, Chief Judge.

Alan K. Stuart was convicted in a jury trial on three counts of willful failure to file income tax returns for the years 1974, 1975 and 1976 in violation of 26 U.S.C. § 7203 (1976). He was fined $5,000 and was sentenced to one year imprisonment on the first count. On the second count he received a suspended sentence and one year of probation consecutive to incarceration, and on count three a suspended sentence and one year of probation to run consecutive to the year of probation imposed on count two.

On this direct appeal he contends (1) that the district court erred in admitting into evidence material obtained pursuant to IRS summonses; (2) that he was entitled to an evidentiary hearing on his contention that he was the victim of selective prosecution; (3) that he was entitled to dismissal under the Speedy Trial Act of 1974; (4) that the district court erred in sentencing him for three violations instead of one; and (5) that the district court lacked subject matter jurisdiction as to the charge involving 1974, and lacked probable cause and personal jurisdiction as to all counts. We affirm.

■ The charges in this case had their inception in a form 1040 "protest document" submitted by the defendant to the IRS for tax year 1976 and received by the IRS in 1977. It is not entirely clear from the record whether defendant filed documents for years 1974 and 1975. In any case, the IRS determined for all three years that no return had been filed.[1]

Upon receipt of the 1976 protest document, the IRS Service Center referred defendant's form 1040 to the Criminal Investigation Division. A special agent in this Division, Charles Huckabee, was assigned to investigate. He contacted Stuart on December 1, 1977, and at this time informed him of his rights. A decision to pursue a criminal investigation was made on or about this date. Shortly thereafter, on December 14, 1977, a revenue agent responsible for determining civil aspects of defendant's tax liability was also assigned to the case.

On December 29, 1977, agent Huckabee issued summonses pursuant to 26 U.S.C. § 7602 to obtain Stuart's financial records from the Bank of Cave City, the Bank of Imboden and the Lawrence County Bank. These records were eventually obtained over defendant's objections.

On May 1, 1979, a new revenue agent was assigned to work with special agent Huckabee because the new agent's location was more convenient. The new agent, Mike Pitts, submitted a Revenue Agent Report on May 14, 1979. The report, which indicated that defendant owes certain taxes, penalties and interest, was reviewed and approved by an IRS Examination Review Staff on June 19, 1979. The IRS has held in abeyance any final action on the report. According to the testimony of agent Huckabee, it is IRS policy to take no final civil action in a case until all criminal features of the case have been resolved.

On June 22, 1979, special agent Huckabee mailed to the IRS district counsel a Special Agent's Report recommending prosecution. A copy of the Revenue Agent's Report was included as an exhibit to Huckabee's report. District Counsel for the IRS referred the case to the Department of Justice with a recommendation for prosecution on December 19, 1979.

An information in three counts alleging failure to file tax returns issued on June 22, 1981. Trial was had on October 21, 1981, with the result that Stuart was found guilty on all counts by the jury.

A. *Admission of Evidence Obtained Through Summonses.*

Defendant first alleges that the district court erred in admitting into evidence certain documents obtained through the use of IRS summonses. He contends that the summons process was not utilized for one of the valid civil purposes enumerated in 26 U.S.C. § 7602, but for the purpose of aiding a criminal investigation.

This is not Stuart's first challenge to the IRS summonses. On March 10, 1978, agent Huckabee filed petitions to enforce the summonses, and Stuart intervened to oppose judicial enforcement. He argued that the summonses had issued improperly without a showing of tax liability, and that they violated his fifth and fourth amendment rights. On appeal from the district court's order of enforcement we concluded that there was no merit in these arguments. *United States v. Stuart,* 587 F.2d 929 (8th Cir. 1978).

■ Stuart now attempts to attack the summonses on the different ground that they were not issued in good faith prior to an institutional decision to prosecute, as required by *United States v. LaSalle National Bank,* 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978). We decline to reach defendant's present challenge on the merits.

---

1. The filing of a document containing insufficient information for calculation of a taxpayer's liability is in most circumstances tantamount to filing no return at all. *United States v. Barney,* 674 F.2d 729, 731 (8th Cir. 1982); *United States*

*v. Miller,* 634 F.2d 1134, 1135 (8th Cir. 1980), *cert. denied,* 451 U.S. 942, 101 S.Ct. 2026, 68 L.Ed.2d 330 (1981); *United States v. Brown,* 600 F.2d 248, 251 (10th Cir.), *cert. denied,* 444 U.S. 917, 100 S.Ct. 233, 62 L.Ed.2d 172 (1979).

The argument he raises could have been raised, and should have been, in the prior proceeding. *Robbins v. District Court,* 592 F.2d 1015, 1017–18 (8th Cir.), *cert. denied,* 444 U.S. 852, 100 S.Ct. 107, 62 L.Ed.2d 69 (1979). The principle of res judicata bars relitigation of the same claim even where a new theory is advanced as a basis for relief in the second suit. *Roach v. Teamsters Local Union No. 688,* 595 F.2d 446, 448 (8th Cir. 1979). This is a classic case of a litigant impermissibly attempting to relitigate the same claim under a different theory of recovery, in violation of well established principles of res judicata, or more precisely, claim preclusion. *Id.*

### B. *Personal Jurisdiction.*

Stuart next contends he was not properly before the district court due to defects in his arrest warrant. The information in this case was filed on June 22, 1981, and as is customary, a summons was issued. Defendant informed the United States Attorney, however, that he wanted to be arrested. In compliance with his request, Agent Huckabee prepared an affidavit and requested an arrest warrant.

■ Defendant's objections to his arrest are not entirely clear. Giving him the benefit of all possible arguments, we construe his objections to be (1) that the arrest warrant should have been supported by an affidavit of the United States Attorney, since the United States Attorney was the person who accused him of a criminal offense; and (2) the affidavit of Huckabee should have been signed before a magistrate, not a notary public. In light of these alleged defects in the documents underlying the arrest warrant, defendant apparently argues that

the arrest was without probable cause. Under the posture of the case, we find these claims frivolous.

■■ Although we find no constitutional or other infirmity in the Huckabee affidavit or in the process which brought defendant before the district court, we need not discuss these claims. It is well established that irregularities in the manner in which a defendant is brought into custody does not deprive the court of personal jurisdiction over the defendant in a criminal case. *United States v. Peltier,* 585 F.2d 314, 335 (8th Cir. 1978); *United States v. Turner,* 442 F.2d 1146, 1148 (8th Cir. 1971); *Collins v. Swenson,* 443 F.2d 329, 331 (8th Cir. 1971). *See also Frisbie v. Collins,* 342 U.S. 519, 522, 72 S.Ct. 509, 511, 96 L.Ed. 541 (1952), *reh'g denied,* 343 U.S. 937, 72 S.Ct. 768, 96 L.Ed. 1344 (1952); *Ker v. Illinois,* 119 U.S. 436, 440, 7 S.Ct. 225, 227, 30 L.Ed. 421 (1886). No claim is asserted that any evidence was inadmissible due to the alleged unauthorized arrest. Thus, there is no relevant merit to defendant's claim.

### C. *Speedy Trial Rights.*

■ The defendant's remaining contentions merit little discussion. Although his trial 112 days after his first appearance before a judicial officer appears to have violated the Speedy Trial Act of 1974, 18 U.S.C. § 3161(c)(1), the appearance of a violation is answered by periods of "excludable time." *See* 18 U.S.C. §§ 3161(h)(1)(F) and 3161(h)(8)(A).[2]

Defendant argues that pretrial motions do not give rise to excludable periods under section 3161(h)(1)(F) unless delay of the trial is actually caused by filing of the mo-

---

2. In counting days elapsed before trial, we exclude the 16-day period from July 14, 1981, to July 30, 1981. 18 U.S.C. § 3161(h)(8)(A). The record on appeal shows that the continuance granted during this time was to allow defendant to obtain counsel. We do not exclude July 1, 1981, to July 14, 1981, which involved time prior to the day first set for plea and arraignment. Defendant had not requested a continuance during this time.

We also exclude 51 days from August 18, 1981, when defendant filed certain pretrial mo-

tions, to October 8, 1981, when the district court ruled adversely on them. Delay resulting from a pretrial motion is properly excludable under 18 U.S.C. § 3161(h)(1)(F).

Adding together the exclusion of 16 and 51 days for a total of 67 excludable days, defendant's trial occurred 45 days after his first appearance before a judicial officer. This satisfies the Speedy Trial Act requirement of trial within 70 days. 18 U.S.C. § 3161(c)(1).

tions. We have previously considered and rejected this argument in view of the legislative history of the Speedy Trial Act and 1979 amendments thereto. *See United States v. Brim,* 630 F.2d 1307, 1312–13 (8th Cir. 1980), *cert. denied,* 452 U.S. 966, 101 S.Ct. 3121, 69 L.Ed.2d 980 (1981).

### D. *Selective Prosecution; Multiple Offenses.*

Stuart next alleges that the district court erred in denying an evidentiary hearing on his allegation of selective prosecution. Defendant, however, was given an opportunity to amend his motion to dismiss to allege such facts as would establish a prima facie case of selective prosecution. When he did not do so, the district court properly dismissed the motion as setting forth only conclusory statements. *United States v. Larson,* 612 F.2d 1301, 1304–05 (8th Cir.), *cert. denied,* 446 U.S. 936, 100 S.Ct. 2154, 64 L.Ed.2d 789 (1980); *United States v. Brown,* 591 F.2d 307, 311–12 (5th Cir.), *cert. denied,* 442 U.S. 913, 99 S.Ct. 2831, 61 L.Ed.2d 280 (1979).

Defendant finally alleges that if he was guilty of anything, he was guilty of one continuing offense rather than three separate offenses. We reject that contention since he owed a separate duty to file tax returns with respect to each of three years. Each breach of that duty involved a separate offense. *United States v. Paulton,* 540 F.2d 886, 893 (8th Cir. 1976); *United States v. Keig,* 334 F.2d 823, 827 (7th Cir. 1964), *overruled on different grounds, United States v. Cleveland,* 477 F.2d 310 (7th Cir. 1973).

The judgment and conviction of the district court is affirmed.